**SAUL EWING ARSTEIN & LEHR LLP**
Valerie G. Pennacchio Esq.
One Riverfront Plaza
1037 Raymond Boulevard
Suite 1520
Newark, New Jersey 07102
Tel: (973) 286-6823
Email: valerie.pennacchio@saul.com

*Counsel to Defendant Lincoln Life & Annuity Company of New York*

UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALS CAPITAL VENTURES, LLC<br><br>　　　　　　　　Plaintiff,<br><br>-against-<br><br>LINCOLN LIFE & ANNUITY COMPANY OF NEW YORK, and J ROSENBERG DISTRIBUTION TRUST, BY AND THROUGH ITS TRUSTEE, MOSHE GLATZER<br><br>　　　　　　　　Defendants. | Docket No. 18-cv-4551 |

**DEFENDANT LINCOLN LIFE & ANNUITY COMPANY OF NEW YORK'S ANSWER AND DEFENSES TO DEFENDANT J. ROSENBERG DISTRIBUTION TRUST'S CROSS-CLAIMS**

Defendant Lincoln Life & Annuity Company of New York ("Lincoln"), by and through its attorneys, Saul Ewing Arnstein & Lehr LLP, answers the Cross-Claims of Defendant J Rosenberg Distribution Trust ("the Trust") that were filed with the Trust's Answer to Plaintiff's Amended Complaint as follows:

**ALLEGED BREACH OF CONTRACT**

1. Denied.

2. Denied.

3. Denied.

4. Denied.

5. Denied.

## ALLEGED DECLARATORY JUDGMENT

6. Lincoln incorporates by reference its answers to paragraphs 1 through 5 as though set forth at length herein.

7. Denied.

8. Denied.

9. Denied. It is admitted only that the Trust was not the owner of record at the time the Policy lapsed. The remaining allegations of this paragraph are denied.

10. Admitted.

11. Denied. The allegations of this paragraph are conclusions of law to which no response is required and they are therefore denied.

12. Denied. The allegations of this paragraph are conclusions of law to which no response is required and they are therefore denied.

13. Denied. The allegations of this paragraph are conclusions of law to which no response is required and they are therefore denied.

14. Denied. The allegations of this paragraph are conclusions of law to which no response is required and they are therefore denied. To the extent the allegations of this paragraph are deemed factual, they are denied.

15. Denied. The allegations of this paragraph are conclusions of law to which no response is required and they are therefore denied. To the extent the allegations of this paragraph are deemed factual, they are denied.

## ALLEGED DECEPTIVE ACTS AND PRACTICES – NY GBL § 349

16. Lincoln incorporates by reference its answers to paragraphs 1 through 15 as though set forth at length herein.

17. Denied. The allegations of this paragraph are conclusions of law to which no response is required and they are therefore denied. To the extent the allegations of this paragraph are deemed factual, they are denied.

18. Denied. The allegations of this paragraph are conclusions of law to which no response is required and they are therefore denied. To the extent the allegations of this paragraph are deemed factual, they are denied.

**WHEREFORE**, Defendant Lincoln respectfully requests that all cross-claims asserted against it by the Trust be dismissed with prejudice, and that the Court award Lincoln the reasonable attorneys' fees and costs incurred in defending the cross-claims, and any other and further relief that the Court deems just and proper as a matter of law and/or equity.

### AFFIRMATIVE AND OTHER DEFENSES

1. The Trust's cross-claims fail to state a claim on which relief may be granted.

2. Lincoln, at all times relevant hereto, complied with all applicable laws and regulations.

3. Lincoln properly mailed all required notices.

4. Lincoln's grace period notices under the Policies fully complied with all applicable laws.

5. The Policies lapsed for non-payment of premium.

6. The Trust is not entitled to reinstatement of the Policies.

7. The Trust's cross-claims against Lincoln are barred or limited under the doctrine of unclean hands.

8. Lincoln is not legally responsible for any of the acts or omissions of any other party in this action.

9. The damages and harm that the Trust allegedly sustained were not caused by nor contributed to by any acts or omissions of Lincoln.

10. The damages and harm that the Trust allegedly sustained were caused by the acts or omissions of others for whom Lincoln is not legally responsible.

11. The Trust has failed to take reasonable steps under the circumstances to minimize or mitigate its alleged damages or losses, if any.

12. The Trust's claims are barred and/or limited by the doctrine of estoppel.

13. Lincoln reserves the right to supplement, delete or modify its defenses during the course of this action based upon facts and/or legal theories that may develop through clarification of the Trust's cross-claims and/or through discovery.

**WHEREFORE**, Defendant Lincoln respectfully requests that all cross-claims asserted against it by the Trust be dismissed with prejudice, and that the Court award Lincoln the reasonable attorneys' fees and costs incurred in defending this matter, and any other and further relief that the Court deems just and proper as a matter of law and/or equity.

**SAUL EWING ARNSTEIN & LEHR LLP**

Dated: Newark, New Jersey
May 22, 2019

By: */s/ Valerie G. Pennacchio*
Valerie G. Pennacchio Esq.
One Riverfront Plaza
1037 Raymond Boulevard
Suite 1520
Newark, New Jersey 07102
Tel: (973) 286-6823
Email: valerie.pennacchio@saul.com

-and-

Paul M. Hummer, Esq.
Angella N. Middleton, Esq.
Saul Ewing LLP
1500 Market Street, 38th Floor
Philadelphia, Pennsylvania 19102
Tel: (215) 972-7788
Tel: (215) 972-7135
Email: phummer@saul.com
angella.middleton@saul.com

*Counsel to Defendant Lincoln Life & Annuity Company of New York*

4

**UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF NEW YORK**

ALS CAPITAL VENTURES, LLC

                      Plaintiff,

-against-                                    Docket No. 18-cv-4551

LINCOLN LIFE & ANNUITY COMPANY OF NEW
YORK, and J ROSENBERG DISTRIBUTION
TRUST, BY AND THROUGH ITS TRUSTEE,
MOSHE GLATZER

                      Defendants.

## AFFIRMATION OF SERVICE

VALERIE G. PENNACCHIO affirms under penalty of perjury as follows:

1. I am not a party to the above-captioned action and I am over 18 years of age.

2. On May 22, 2019, I served a copy of: (1) Defendant Lincoln Life & Annuity Company of New York's Answer and Defenses to Defendant J. Rosenberg Distribution Trust's Cross-Claims; and (2) this Affirmation of Service as follows:

<u>Upon Counsel for Plaintiff</u>:
Via electronic mail

<u>Upon Counsel for J Rosenberg Distribution Trust</u>:
Via electronic mail

Dated: May 22, 2019                                      <u>/s/ Valerie G. Pennacchio</u>
                                                                     Valerie G. Pennacchio